# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO: CR05-276-N-EJL |
| Plaintiff, | CV07-345-N-EJL |
| vs. | MEMORANDUM ORDER |
| **LUIS PADILLA,** | |
| Defendant. | |

Pending before the Court in the above-entitled matter is Defendant Luis Padilla's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1, civil case no. 07-345-N-EJL and Docket No. 32 in criminal case no. 95-276-N-EJL). Defendant moves pursuant to 28 U.S.C. § 2255 to have his sentencing set aside and be resentenced. Government has responded to the motion. As of July 29, 2008, no reply had been filed by Defendant. The matter is now ripe for the Court's review.

Standard of Review

Pursuant to 28 U.S.C. § 2255, the Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." Furthermore, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.), cert. denied, 470 U.S. 1058 (1985) (citations omitted);

MEMORANDUM ORDER - PAGE 1

Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985).  However, a district court may summarily dismiss a Section 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief...." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Court.  Thus in order to withstand summary dismissal of his motion for relief under Section 2255, defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990).  In the present case, the legal issues do not require an evidentiary hearing.

## Factual Background

Defendant pled guilty to one count of re-entry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b)(2).  The Defendant was sentenced to 30 months imprisonment, 3 years supervised release and $100 special assessment.  The Defendant's anticipated release date considering good time credit is October 2008.

The Defendant appealed his sentence to the Ninth Circuit.  The Ninth Circuit issued a Memorandum Decision affirming the District Court in February 2007.  The Ninth Circuit issued its mandate on January 14, 2008.  Defendant filed a writ of certiorari with the United States Supreme Court.  The writ was denied.  The § 2255 motion was filed August 10, 2007.  Since the mandate had not issued from the Ninth Circuit, the Government did not respond to the motion until after the mandate had issued.

Analysis

The Defendant claims his sentence was improperly increased based on a state conviction for simple possession that was characterized by the District Court as a drug trafficking crime and the Supreme Court has now ruled that such a simple possession charge is not an aggravated felony for purposes of the Sentencing Guidelines. The case Defendant relies on is Lopez v. Gonzales, 549 U.S. 47 (2006). It does not appear that the Lopez argument was made to the Ninth Circuit as Defendant represents that briefing was complete in October of 2006 and Lopez decision was not issued until December 2006. Strangely, the Ninth Circuit did not address a Lopez issue in its January 2007 opinion even though the court would have been aware of the Supreme Court decision at the time it issued its first opinion. This Court can only assume the issue was not properly preserved by the Defendant with the Ninth Circuit. The Court notes that Defendant claims his counsel included a Lopez claim in his writ of certiorari which was denied.

The Court acknowledges that there has been a change in the law since Defendant was sentenced. Had the Lopez decision existed at the time of sentencing, the Court would have only increased the offense level by 4 for a felony instead of 8 for an aggravated felony.

While it appears the Government may be correct in arguing the Lopez case should not be applied retroactively to collateral attacks of sentences, it is at least arguable that the issue should have been addressed by the Ninth Circuit as part of the direct appeal since the Lopez decision was issued by the Supreme Court prior to the Ninth Circuit issuing its first opinion (but no mandate) in this case. It is unclear why the Ninth Circuit waited another year to issue the mandate in this matter. In the interest of justice, the Court finds that the Lopez argument was raised in the writ of certiorari which was part of the direct appeal and that Defendant is not first trying to raise the issue in the collateral

proceeding. Accordingly, the Court will apply the Lopez decision to this § 2255 motion

The Government argues that Defendant waived his right to file a § 2255, the Court disagrees. The Plea Agreement provides the Defendant an opportunity to appeal a sentence that was based on an incorrect application of the Sentencing Guidelines and this error was not known until after the briefing with the Ninth Circuit had been filed and until the Supreme Court issued its opinion in Lopez. The Court concludes the Defendant did not waive his right to raise this specific challenge.

Defendant's total offense level was originally calculated at 13 which included an 8 level increase for an aggravated felony and should have been a 4 level increase. The applicable range with a criminal history of V was 30 to 37 months. In applying Lopez, the proper total offense level would have been 10 (because there would only be a 2 point reduction instead of 3 for acceptance of responsibility). Defendant's criminal history would stay the same at V, so the applicable Sentencing Guidelines would have been 21 to 27 months as one factor for the Court to consider. The Court finds it would have sentenced the Defendant to bottom of the applicable sentencing range as it did originally or 21 months imprisonment. Accordingly, the Court finds that in applying Lopez, the Defendant's sentence should be reduced to a term of 21 months imprisonment. The Court finds no reason to return the Defendant for sentencing as the adjustment to the sentence should result in the immediate release of the Defendant from prison.

Order

Being fully advised in the premises, the Court order that the Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1, civil case no. 07-345-N-EJL and Docket No. 32 in criminal case no. 95-276-N-EJL) is GRANTED. The Court shall issue an amended judgment reducing the term of imprisonment to 21 months. Since the Defendant will be deported upon his release from prison, the Court finds it unnecessary to modify the terms of supervised release and the special assessment of $100 is mandatory.

DATED: **July 30, 2008**

Honorable Edward J. Lodge
U. S. District Judge